UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GENCO ENERGY SERVICES, INC. | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO.   5-19-cv-708 |
| COUNTY OF BEXAR | § | |
| ALBERT URESTI, COUNTY TAX | § | |
| ASSESSOR-COLLECTOR | § | |
|     Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW,** Genco Energy Services, Inc., complaining of the County of Bexar and Albert Uresti, County Tax Assessor-Collector for the County of Bexar ("Defendants"), and files this its Original Complaint and would respectfully show the Court as follows:

### 1. PARTIES

1.1   Genco Energy Services, Inc. ("Genco") is a corporation duly formed and existing under the laws of the State of Texas.

1.2   Defendant County of Bexar is a governmental unit in the State of Texas which may be served through its registered agent, County Judge Nelson Wolff, at 101 W. Nueva, 10th Floor, San Antonio, Texas 78205.[1]

1.3   Defendant Albert Uresti, County Tax Assessor-Collector for the County of Bexar may be served with process at 233 N. Pecos La Trinidad, San Antonio, Texas 78207, or wherever he may be found.

---

[1] Tex. Civ. Prac. & Rem. Code § 17.024(a); *See also* Fed. R. Civ. P. 4(j)(2)(B).

## 2. JURISDICTION AND VENUE

2.1  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 which provides the federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This Court has supplemental jurisdiction over Plaintiff's remaining claims.

2.2  This Court has personal jurisdiction over Defendant Bexar County because it is a governmental unit in the State of Texas.

2.3  This Court has personal jurisdiction over Defendant Albert Uresti, County Tax Assessor-Collector for the County of Bexar because he is a resident of Texas.

2.4  Venue is proper in the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise Plaintiff's claim occurred in the Western District of Texas, San Antonio Division.

## 3. STATEMENT OF FACTS

3.1  At all relevant times, Genco has been the owner of three Power Pro 65 Generators model LR450, serial numbers 1478B10200, 1478B10202, and 1478C10081 (the "Generators"). Each of these Generators was attached permanently to a flatbed trailer, also owned by Genco (the "Trailers"). The Trailers' vehicle identification numbers, as well as the serial number for each respective Generator, are as follows: VIN 081121508RW000 (Generator 1478B10200); VIN 0228116330RW00006 (Generator 1478B10202); and VIN 17YBP1423EB054940 (Generator 1478C10081). Each of these Trailers was titled properly with the State of Texas, and Genco is the title owner of each Trailer. A true and correct copy of the Certificates of Title are attached hereto as Exhibit A.

3.2     The Trailers and Generators were located at property owned by Rajysan, Inc.  The Trailers and Generators were then wrongfully seized by the Bexar County Sheriff's Office during its seizure of property belonging to Rajysan, Inc. pursuant to a tax warrant obtained by Defendant Albert Uresti.  Following the seizure, had Defendant Albert Uresti, as the collector, made a reasonable inquiry into the identity of persons with an interest in the property, as required by Section 33.25 of the Texas Tax Code, said collector would have been on notice that the Trailers and attached Generators did not belong to Rajysan, Inc., and as such, were not subject to the tax warrant. Instead, the Trailers and Generators were sold, without notice to Genco, at a tax auction on February 1, 2018. Genco did not receive notice of the sale until well after it had taken place. Upon learning of the sale, Genco promptly made demand upon Linebarger Goggan Blair & Sampson, LLP who filed the Application for Tax Warrant on Defendants' behalf.  Defendants, through counsel at Linebarger, Goggan, Blair & Sampson, LLP, refused to return the Trailers and Generators or provide compensation to Genco for their value.

## 4.     TAKING

4.1     Defendants have waived immunity in that their acts and omissions constitute a violation of the Texas Constitution, Article I, Section 17 in that Genco's property was taken for public purposes without adequate compensation. Defendants therefore are liable to Plaintiff for actual damages. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995). ("Section 17 provides that no person's property shall be taken, damaged or destroyed or applied to public use without adequate compensation…The converse of the provision is that if property is taken, the owner is entitled to adequate payment."); *See also Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980) ("The Constitution itself is the authorization for compensation…and is a waiver of governmental immunity for the taking…of property…."). Article I, section 17, was intended to provide Texas citizens

3

protection from just this sort of arbitrary government activity. *County of Burleson v. Gen. Elec. Capital Corp.*, 831 S.W.2d 54, 60 (Tex. App.—Houston [14th Dist.] 1992, reh'g overruled).

4.2     Defendants also have waived immunity in that their acts and omissions constitute violations of the Fifth and Fourteenth Amendments of the United States Constitution in that Plaintiff's property was taken for public use without just compensation and without due process of law. The Defendants are therefore liable to Plaintiff for actual damages.

4.3     Additionally, the Defendants have waived immunity in that their acts and omissions constitute violations of Genco's civil rights under 42 U.S.C. § 1983. Defendants, under color of the Texas Tax Code and Texas judicial procedures, deprived Genco of its property rights and its rights to due process under and pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. Genco therefore is entitled to its actual damages, to punitive damages, to legal interest on the damages from February 1, 2018, and its reasonable attorney's fees and costs.

## 5.     DAMAGES

As a result of Defendants' wrongful actions, Genco has suffered damages of more than $100,000.00.

## 6.     ATTORNEY'S FEES

Genco would show that as a result of the wrongful conduct of Defendants, it was compelled to obtain legal counsel and retained the undersigned attorneys. Plaintiff thereforeis entitled to reasonable and necessary attorney's fees and court costs pursuant to 42 U.S.C. 1988(b).

## 7.     CONDITIONS PRECEDENT

All conditions precedent have occurred or have been performed.  In the alternative, compliance with such conditions has been excused or waived.

## 8. JURY DEMAND

Genco demands that this Court empanel a lawful jury to hear this case, and hereby tenders the appropriate jury fee.

## 9. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Genco Energy Services, Inc. respectfully requests that Defendants be cited to appear, and that upon final hearing, Genco Energy Services, Inc. be awarded judgment as follows:

(1) Actual damages;

(2) Pre-judgment and post-judgment interest;

(3) Reasonable and necessary attorneys' fees incurred in the prosecution and appeal of this case;

(4) Taxable court costs; and

(5) Such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Box 3725
McAllen, Texas 78502
(956) 682-5501
(956) 686-6109  Facsimile


By: */s/ Daniel G. Gurwitz*
Daniel G. Gurwitz
State Bar No. 00787608
WDOTBN 16895
dgurwitz@atlashall.com

ATTORNEY FOR PLAINTIFF